UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OTIS MERRITT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-2104** |
| **ROBERT TANNER, WARDEN** | **SECTION: "F"(5)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.   Upon preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, the Court has determined that petitioner is not entitled to relief because he has failed to exhaust available state-court remedies.   *See Resendez v. McKaskle*, 722 F.2d 227, 230 (5th Cir. 1984).   For this reason, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE**.

### Factual and Procedural History

Petitioner, Otis Merritt, is a convicted inmate currently incarcerated at the Rayburn Correctional Center in Angie, Louisiana.   On September 11, 2018, he pleaded guilty to one count of failing to register as a sex offender.[1]   He was sentenced to two years

---

[1] Rec. Doc. 1, Petition.   On August 31, 2017, Merritt was charged with failure to register, periodically renew or update sex offender registration, provide proof of residence or notification of change of address or provide community notification as required by Louisiana Revised Statute 15:542, *et. seq.* The bill of information alleged that he was previously convicted in the State of Texas, Criminal District Court of Dallas County, for

imprisonment.

On or about February 28, 2019, Merritt filed his federal application for habeas corpus relief. He claims that he is being confined beyond his anticipated release date of October 18, 2018. Specifically, he alleges:

> My release date of October 18, 2018 has been denied allegedly by Louisiana Department of Corrections and especially the Record office at Rayburn Correctional Center, and numerous addresses or halfway placements have been denied, and this is conditions that violated an "abuse of discretion" and denying my release saying I must continue to be incarcerated to March 20, 2020 13 months later, than my release date, as prescribed by law, under the plea agreement of September 11, 2018.[2]

He claims that he had already served nearly 14 months and was entitled to immediate release following his plea agreement. He further alleges that his continued incarceration constitutes cruel and unusual punishment and a denial of equal protection. He also alleges that officials have refused to bring him to court so that he may "answer or plead" to outstanding warrants in St. Tammany Parish. He requests this Court issue an order immediately releasing him from confinement and vacating the outstanding warrants.

---

indecency with a child (Docket No. F-9675214-KJ). The state-court record was produced in conjunction with his prior Section 28 U.S.C. § 2254 habeas proceeding, and these facts were set forth in the Report and Recommendation for Civil Action No. 17-12114 "F" (5). At the time, he was a pretrial detainee awaiting trial on the charge of failure to register pursuant to Louisiana Revised Statute 15:542.1.4(A)(1). That habeas petition was similarly dismissed without prejudice for failure to exhaust available state-court remedies. The Court notes that Merritt in the past has made similar claims that he was being held beyond his release date in unrelated federal habeas proceedings filed in this Court in 2016. *Otis Merrit v. Robert Tanner*, Civ. Action No. 16-15651 "F" (5) (dismissed without prejudice for failure to exhaust available state-court remedies).

[2] Rec. Doc. 1, p. 5.

2

**Exhaustion**

Regardless of whether a petitioner is seeking habeas corpus relief under 28 U.S.C. §2241 or 28 U.S.C. §2254, he must first exhaust his remedies in the state courts before seeking habeas corpus relief from the federal courts. *See* 28 U.S.C. § 2254(b)(1) (requiring exhaustion of state remedies in habeas corpus actions brought pursuant to § 2254); *see also Edge v. Stalder*, 83 Fed. Appx. 648 (5th Cir. 2003) (exhaustion of state remedies is likewise required in habeas corpus actions brought pursuant to 28 U.S.C. § 2241); *Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir. 1987) (same). A petitioner properly exhausts state remedies only by fairly presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (requiring state prisoners, in order to fully exhaust their claims, "to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). In Louisiana, the highest state court is the Louisiana Supreme Court. *See* La. Const. art. V, § 5(A).

Merritt has not sought relief in the state courts either on direct appeal or post-conviction review with respect to his state-court conviction or sentence. His responses set forth in the federal application clearly reflect that he has made no such attempt. With respect to his sentence-calculation claims, he has not shown that he exhausted

administrative review of his claims under Louisiana's Corrections Administrative Remedy Procedure, La. Rev. Stat. § 15:1171 *et seq.*, or, if necessary, subsequent supervisory review of that procedure by the state courts pursuant to La. Rev. Stat. § 15:571.15.   *Johnson v. Cain*, Civ. Action No. 15-310, 2015 WL 10438640 (E.D. La. June 4, 2015), *adopted*, 2016 WL 892610 (E.D. La. Mar. 9, 2016); *Ross v. Louisiana*, Civ. Action No. 18-117-P, 2018 WL 2110687 (W.D. La. Apr. 17, 2018), *adopted*, 2018 WL 2107195 (W.D. La. May 7, 2018).   Furthermore, this Court's independent research confirms that Merritt has not presented his claims to the Louisiana Supreme Court, as required to exhaust available state remedies and proceed with the claims in federal court.[3]   For these reasons, Merritt has failed to exhaust his state-court remedies with respect to the claims presented, and his petition should be dismissed without prejudice.

### **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Merritt's application for federal habeas corpus relief be **DISMISSED WITHOUT PREJUDICE**.   Merritt is hereby instructed that this report and recommendation serves as notice to him that the Court has *sua sponte* raised and considered the exhaustion issue, and that he has an opportunity to submit any evidence or argument concerning exhaustion as part of any objections he may file to this report.   *See Kurtzemann v. Quarterman*, 306 Fed. Appx. 205, 206 (5th Cir. 2009) (citing *Day*

---

[3] The undersigned's staff placed a phone call to the Clerk's Office of the Louisiana Supreme Court and confirmed, as a search of Westlaw databases had revealed, that the court has no record of any writ application filed on behalf of Otis Merritt related to his most recent criminal conviction and sentence.

*v. McDonough*, 547 U.S. 198, 209-10, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006); *Magouirk v. Phillips*, 144 F.3d 348, 357-59 (5th Cir.1998)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this  14th  day of  March , 2019.

```
                                    _____
                                         MICHAEL B. NORTH
                                    UNITED STATES MAGISTRATE JUDGE
```

---

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.